DOMENGEAUX, Judge.
Herman P. Carmouche and Annie W. Galland, plaintiffs-appellees, are the owners and beneficiaries of three insurance policies issued by Riverside Life Insurance Company and/or Automotive Life Insurance Company. The named insured on the policies is Anna M. Carmouche, plaintiffs’ minor daughter.
The three life insurance policies, each in an amount of $1,000.00, provided that the issuer of the policies would pay the entire face amount thereof if the insured suffered “loss of sight of both eyes”.
On November 27, 1982, the plaintiff submitted claims to the Riverside Life Insurance Company as named beneficiaries on the insurance policies. It was determined that Miss Carmouche had suffered an irrevocable loss of sight in both eyes as a result of the disease known as lupus eryth- *1354 ematosus with cerebritis and nephritis. All necessary proof of claim forms required pursuant to the provisions of the insurance contracts were forwarded with the claims.
Payment on the subject insurance policies were received by appellees, through their counsel, on January 21, 1983; more than thirty days, but less than sixty days after written proof of claim forms were received by defendant insurer.
Plaintiffs filed suit against Riverside Life Insurance Company on February 9, 1983, seeking to recover under the penalty provisions of La.R.S. 22:657 A.[1] The plaintiffs allege that La.R.S. 22:657 A should be enforced against the defendant for its failure to pay the benefits due under the policies within thirty days from receipt of written notice and proof of claim.
Defendant filed a motion for summary judgment arguing that either La.R.S. 22:656 or La.R.S. 22:658 which require payment within sixty days of written proof of claim, govern the time limit for its payment. The defendant argued that as payment was received within sixty days of proof of the claim it was timely paid, and plaintiff should not be allowed to recover any penalties.
The district judge denied defendant’s motion for summary judgment.
At trial, the district judge determined that the provisions granting benefits payable for loss of sight of both eyes contained within the life insurance policies require the policies to be treated as health and accident policies. Thus, he concluded that the thirty day time period established for the payment of claims under health and accident policies in La.R.S. 22:657 should be applied, and as defendant had not made payment within the statutory time limit it was ordered to pay to plaintiff a penalty of 100% of the face value of the policies and attorney’s fees.
The sole issue confronting us on this appeal is whether the district court erred in its finding that appellees’ claims should be governed by the provisions of La.R.S. 22:657 A.
Appellees contend that appellant is liable for statutory penalties under La.R.S. 22:657 A. Plaintiffs’ policies are life insurance policies which provide additionally for a lump sum payment for disability arising out of the insured’s loss of sight of both eyes. They claim such a policy should be treated as a health and accident policy under La.R.S. 22:657.
The appellant denies that La.R.S. 22:657 A is applicable and argues that this type of insurance coverage falls under either La. R.S. 22:656 or La.R.S. 22:658.
La.R.S. 22:656 provides for a 6% penalty for nonpayment of life insurance policies within sixty days from the date of receipt of due proof of death. La.R.S. 22:658 provides a 12% penalty for nonpayment of claims on policies other than life and health and accident within sixty days of proof of claim.
Section A of La.R.S. 22:657 provides for a 100% penalty for nonpayment of claims on health and accident policies within thirty days of proof of claim.
This Court has been faced with analogous situations in Tarpley v. Consolidated American Life Insurance Company, 386 So.2d 1067 (La.App. 3rd Cir.1980), and Vallery v. All American Life Insurance Company, 429 So.2d 513 (La.App. 3rd Cir.1983), *1355 modified on other grounds, 434 So.2d 1100 (La.1983).
In Tarpley, supra, the plaintiff was the insured under two life insurance policies with an aggregate face value of $15,000.00. The policies provided that in the event the insured became totally and permanently disabled the insurer would pay to the insured one-half the face amount of the policies ($7,500.00). The plaintiff filed suit to recover the benefits under the disability provisions of the policies and the statutory penalties provided for in La.R.S. 22:657.
Mr. Tarpley argued that the provisions in the policy which provided benefits for total and permanent disability required the policy to be construed as a health and accident insurance policy, and therefore the statutory penalty in La.R.S. 22:657 would apply.
This Court held that La.R.S. 22:657 did not apply in this situation. We stated:
“The applicability of R.S. 22:657 is limited, by its own language, to ‘... [a]ll claims arising under the terms of health and accident contracts ... ’ Mr. Tarp-ley’s claim arises under the terms of two life insurance contracts which contained provisions for benefits payable to the insured in the event of total and permanent disability.
La.R.S. 22:6, which defines and classifies insurance, distinguishes life insurance from health and accident insurance in the following manner:
‘(1) Life. Insurance on human lives and insurance appertaining thereto or connected therewith. For the purposes of this Code the transacting of life insurance includes the granting of annuities or survivorship benefits; additional benefits in the event of death by accident; additional benefits in the event of the total and permanent disability of the insured; and optional modes of settlement of proceeds.
(2) Health and accident. Insurance against bodily injury, disablement or death by accident and against disablement resulting from sickness and every insurance appertaining thereto.’ (Emphasis added)
According to the plain language of the above statute, Mr. Tarpley’s claim arises under life insurance contracts notwithstanding the fact that payment is due under disability clauses in the contracts.
La.R.S. 22:658 and its 12% penalty provision applies to ‘... any type of contract other than those specified in R.S. 22:656 and 22:657 ...’ Neither 22:656 (which applies only to death claims) nor 22:657 (relative to health and accident policies) pertains to claims arising under life insurance contracts. Therefore, the provisions of 22:658 apply.”
386 So.2d 1067, at 1071.
In the case now before us the facts are similar to those in Tarpley, supra. In Tarpley we were concerned with life insurance policies which provided lump sum benefits in the event the insured became totally and permanently disabled; here we are faced with life insurance policies which provide lump sum benefits in the event the insured suffers the “loss of sight of both eyes”. One need not stretch the imagination to contemplate that a provision providing benefits for the loss of sight of both eyes is in essence a total and permanent disability provision.
Therefore, we conclude that here, as in Tarpley, supra, a life insurance policy which contains disability provisions is not a health and accident policy, thus La.R.S. 22:657 does not apply.
Our holding in Vallery, supra, further justifies our decision that La.R.S. 22:657 does not apply to this case. In Vallery, supra, the plaintiff was the insured under an “Accidental Death and Dismemberment Policy”. The policy provided for a lump sum benefit payable in the event of the accidental loss of sight. The plaintiff was involved in an accident and lost the sight in his right eye. He sued for benefits under the policy and for statutory penalties under La.R.S. 22:657 for the defendant’s failure to pay benefits due under the policies within thirty days of proof of loss. We denied recovery of penalties under La.R.S. 22:657 and held that a lump sum payment for the loss of an eye was covered under the penal *1356 ty provisions contained in La.R.S. 22:658. We premised this holding on the Louisiana Supreme Court’s rationale in Harmon v. Lumbermen’s Mutual Casualty Company, 247 La. 263, 170 So.2d 646 (La.1965). The High Court stated:
“A reading of Section A of LSA-R.S. 22:657, supra, clearly shows that the Legislature intended that this section be applicable to small claims (hospital, medical, etc.) and monthly disability payments. Such intent is expressed in the sentence, ‘The insurer shall make payment at least every thirty days to the assured during that part of the period of his disability covered by the policy or contract of insurance during which the insured is entitled to such payments.’ Immediately following the preceding sentence is the 100% penalty provision. LSA-R.S. 22:657 expresses no intent to award a 100% penalty on a lump sum which could be as high as $100,000.00. We conclude that the penalty provision and attorney’s fees provisions of LSA-R.S. 22:657 are not applicable to plaintiff’s claim.”
Therefore, we conclude that this type of lump sum payment here involved for the loss of the sight of both eyes does not fall within the purview of La.R.S. 22:657 A.
We find that this policy falls under La. R.S. 22:658 which “covers policies other than those specified in R.S. 22:656 and 22:657.” Vallery v. All American Life Insurance Company, supra.
Under La.R.S. 22:658, statutory penalties and attorney’s fees are applicable when the failure to pay the amount of any claim due within sixty days from the receipt of satisfactory proof of loss is arbitrary, capricious, or without probable cause. Vallery v. All American Life Insurance Company, supra.
Riverside Life Insurance Company made payment to the appellees within sixty days of receipt of their proof of loss. Therefore, no penalty can be assessed against appellant.
For the above and foregoing reasons the decision of the district court is reversed and plaintiffs’ suit is hereby dismissed. All costs at trial and on appeal to be assessed against plaintiffs.

REVERSED.

. La.R.S. 22:657 A states:
"All claims arising under the terms of health and accident contracts issued in this state, except as provided in Subsection B, shall be paid not more than thirty days from the date upon which written notice and proof of claim, in the form required by the terms of the policy, are furnished to the insurer unless just and reasonable grounds, such as would put a reasonable and prudent business man on his guard, exist. The insurer shall make payment at least every thirty days to the assured during that part of the period of his disability covered by the policy or contract of insurance during which the insured is entitled to such payments. Failure to comply with the provisions of this Section shall subject the insurer to a penalty payable to the insured of double the amount of the health and accident benefits due under the terms of the policy or contract during the period of delay, together with attorney’s fees to be determined by the court. The district court of the parish where the insured lives or has his domicile shall have jurisdiction to try such cases.”